## GASIENICA v DEC

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9164. Decided February 11, 1929

Gilbert E. Morgan, Esq., Cleveland, for Gasienica.

Milton C. Portman, Esq., Cleveland, for Dec.

Judges MIDDLETON & MAUCK (4th Dist) and FARR (7th Dist) sitting.

MAUCK, J.

The petition in this case made no attack upon the proceedings in the Probate Court under which the defendant obtained her deed.. It is only by reply that an attempt is made to avoid the effect of those proceedings by assailing the validity of the deed. This is a collateral attack on the judgment obtained by the administrator in the Probate Court. **Kingsborough vs. Tousley, 56 OS. 450..** Collateral attacks on judgments are tolerated only when the apparent judgment is in fact a nullity.

Under the authorities generally prevailing it seems apparent that the court can not consider the administrator's sale under which the defendant is holding to be a nullity unless there is something peculiar about the Ohio law that requires it. The question was before the supreme court of this State a hundred years ago in **Bigelow vs. Bigelow, 4 Ohio, 138.** The court then said that the discovery of a will subsequent to the grant of letters of administration only operated as a repeal of the grant of administration and did not avoid the acts of the administrator, and that the application by the administrator to have a contract of the decedent executed and his actions thereunder were not rendered void by the subsequent discovery of a will and the appointment of an executor to execute the same. Since that holding we have created a probate court and it is the proceedings of that court that are now sought to be treated as a nullity. The probate court, however, within its limited jurisdiction, is a court of record in the fullest sense, and its records are no more open to impeachment

than the court whose proceedings were under consideration in Bigelow vs. Bigelow. **Shroyer vs. Richmond, 16 OS. 455, Wilberding vs. Miller, 90 OS. 28.** Moreover, the legislature has had occasion to consider the question in the light of the rule laid down in the Bigelow case. In **10618 GC.** prescribing the conditions of the bond of an administrator it makes as one of the conditions of the bond the duty of the administrator to deliver into court his letters of administration in case a subsequent will of the decedent be duly probated, and in **10632 GC.** it specifically provides that the executor appointed upon the probate of a will shall succeed to and act on proceedings instituted by an administrator appointed before a will has been probated. We have thus a definite legislative expression recognizing and by implication continuing the legal principle laid down in the Bigelow case. The rule in Ohio therefore is that where administration of a decedent's estate has been granted the acts of the administrator are not rendered void by the subsequent discovery and probate of the will and the appointment of an executor thereunder. It is claimed that the defendant was both administrator and a purchaser at the sale. The record, however, does not sustain this contention. The trial court was right in directing a verdict because until set aside the judgment of the probate court in confirming the sale made by the administrator to the decedent could not be ignored.

Middleton, PJ., and Farr, J., concur.